## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **LEE LEWIS CONSTRUCTION, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No.: 6:23-cv-577** |
| | § | |
| **LM INSURANCE CORPORATION,** | § | |
| **LIBERTY INSURANCE** | § | |
| **CORPORATION and BERKLEY** | § | |
| **ASSURANCE COMPANY** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Lee Lewis Construction, Inc. ("Lee Lewis") hereby files this, its Original Complaint against Defendants LM Insurance Corporation and Liberty Insurance Corporation (collectively, "Liberty") and Berkley Assurance Company ("Berkley"). Lee Lewis respectfully would show this Court the following:

### I.
### PARTIES

1.    Plaintiff Lee Lewis is a corporation organized under the laws of and with its principal place of business in the State of Texas.

2.    Defendant LM Insurance Corporation is an insurance company incorporated under the laws of the State of Illinois with its principal place of business in Boston, Massachusetts, and, therefore, is a citizen of the State of Illinois and the State of Massachusetts. Service of process may be made via Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

3.    Defendant Liberty Insurance Corporation is an insurance company incorporated under the laws of the State of Illinois with its principal place of business in Boston, Massachusetts,

and, therefore, is a citizen of the State of Illinois and the State of Massachusetts. Service of process may be made upon Liberty via Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4.      Defendant Berkley is an insurance company incorporated under the laws of the State of Iowa with its principal place of business in Scottsdale, Arizona, and, therefore, is a citizen of the State of Iowa and the State of Arizona. Service of process may be made via CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

## II.
## VENUE AND JURISDICTION

5.      This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. In particular, it was in this District that Lee Lewis submitted demands to Liberty and Berkley for the carriers to indemnify Lee Lewis for damages claimed against it in the underlying dispute, which occurred in the Western District. Moreover, Defendants are subject to the Court's personal jurisdiction with respect to this action, as they conduct regular business in this District.

## III.
## BACKGROUND FACTS

7.      This insurance coverage dispute between Lee Lewis, on the one hand, and Liberty and Berkley, on the other hand, is based on the carriers' breach of their respective contractual duties to indemnify Lee Lewis with respect to an underlying claim asserted by Texas State Technical College ("TSTC"). TSTC's claim against Lee Lewis were based on a flooding event and the associated damages resulting from an allegedly defective fire sprinkler system and Lee

Lewis' alleged failure to inspect the work of its electrical subcontractor (the "TSTC Claim"). Despite having purchased general liability insurance, professional liability insurance and umbrella insurance, none of the policies have responded, leaving Lee Lewis holding the bag for the entire claim.

8.     Lee Lewis served as the general contractor for the construction of a dormitory on the TSTC campus under a design/build contract. The TSTC Claim arises from damages sustained at the dormitory when a pipe that was part of a fire sprinkler system burst following a freeze in February of 2022, causing significant water damage to the building. TSTC contended that Lee Lewis' subcontractor improperly installed a dry sprinkler system that failed and caused extensive flooding and resulting damage. Repair of the damage led TSTC to raise issues with the electrical system.

9.     In response to TSTC's allegations, and in order to mitigate the damages, Lee Lewis incurred significant costs, with the full knowledge of the insurers, so that the students could return to their dorm rooms. As discussed below, the insurers were provided notice and information regarding the damages and costs, and were afforded the opportunity to investigate and provide input during the entire process. Lee Lewis' proactive approach to the incident saved significant additional costs that would have resulted if the repairs had not been expeditiously made.

**The Liberty Claim**

10.     On or about February 5, 2022, Lee Lewis made a claim under Policy No. TBS-Z91-473861-022 issued to Lee Lewis Construction, Inc. DBA: L.L.E., Inc. by L.M. Insurance Corporation, with effective dates from January 1, 2022 to January 1, 2023 and policy limits of $1,000,000 per occurrence (the "Liberty Policy"). The Liberty Policy broadly grants coverage through the CGL Coverage Form, stating that Liberty "will pay those sums that the insured

becomes legally obligated to pay as damages because of . . . 'property damage'" that is caused by an "occurrence" and that takes place during the policy period. The claim was also submitted under Umbrella Policy No. TH7-Z91-473 issued to Lee Lewis Construction, Inc., DBA L.L.E., Inc. by Liberty Insurance Corporation, with effective dates of January 1, 2022 to January 1, 2013 and policy limits of $10,000,000 per occurrence and in the aggregate (the "Liberty Umbrella Policy"). The Liberty Umbrella Policy applies in excess of the "retained limit," defined in relevant part as the limit of the "underlying insurance," which includes the Liberty Policy. Collectively, the Liberty Policy and the Liberty Umbrella Policies are referred to herein as the "Liberty Policies."

11.     The water damage at issue in the TSTC Claim was alleged to have been caused by the improper installation of the sprinkler system by a subcontractor that resulted in significant damage to the building. TSTC demanded that Lee Lewis repair the water damage to the dormitory building, and sought other related and consequential damages related to the flood. Thus, TSTC sought recovery from Lee Lewis of costs covered by the Liberty Policies.

12.     The damage occurred on or after February 5, 2022, during the policy period from January 1, 2022 to January 1, 2023, and the damages allegedly were caused by defective construction of the sprinkler system, related repair of damage, and consequential damage because of "property damage"; thus, TSTC sought recovery of damages because of "property damage" caused by an "occurrence" under Texas law.[1] The damage is not excluded under the Liberty Policies, and no policy conditions restrict or bar coverage. This is a clear case of covered damages, and yet Liberty simply refuses to pay or respond to the claim in any substantive manner.

---

[1] *See, e.g.*, *Crownover v. Mid-Continent Cas. Co.*, 772 F.3d 197, 207 (5th Cir. 2014) (holding that insured's faulty workmanship that caused portions of home to need repairs that amounted to "property damage" was an "occurrence"); *Lamar Homes, Inc. v. Mid-Continent Cas. Co*., 242 S.W.3d 1, 16 (Tex. 2007). (holding that an insured's defective performance or faulty workmanship constitutes an "occurrence" when "property damage" results from the insured's performance or workmanship).

13.     Liberty adjusters have been involved in the claim since February 23, 2022, when a meeting was held to discuss the claim, and documentation was provided to Liberty the next day. Lee Lewis has continually provided both carriers with information regarding the TSTC Claim. While the Liberty adjusters have provided updates regarding their attempts to try to recover payment from a subcontractor and its carrier, Liberty has never actually paid any money for the repairs despite the existence of coverage or raised any bars or limitations to coverage.

14.     On July 21, 2022, Liberty adjuster Michelle Digman indicated that Liberty would *consider* paying for "the resulting water damage portion of the loss" if Liberty did not receive a response from a subcontractor's carrier within sixty (60) days. No coverage has been provided to date, nearly a year later. Thus, Liberty effectively has denied coverage to Lee Lewis for the claim.

**The Berkley Claim**

15.     In a Notice of Failure to Faithfully Perform Work dated April 8, 2022, TSTC contended that Lee Lewis was responsible for monitoring the progress of the work; designating a representative who was to be responsible for the day-to-day management of the work; advising it of the quality of the work; coordinating, monitoring and inspecting the work of subcontractors to ensure conformance with the construction documents; and keeping it informed of the progress and quality of the work. More specifically, TSTC alleged that Lee Lewis' failure to inspect the work of its electrical subcontractor resulted in the work not complying with appliable codes or the contract, requiring modification of the electrical work, including rip and tear damage to the other trades' work to access the electrical work and other consequential damages.

16.     On or about May 5, 2022, Lee Lewis made a claim under Policy No. PCADB-5017236-0122 issued to Lee Lewis Construction, Inc. by Berkley, with effective dates from January 1, 2022 to January 1, 2023 (the "Berkley Policy") for damages resulting from its alleged

failure to inspect its subcontractor's work and ensure that it conformed to the contractual requirements.

17.    The Berkley Policy provides coverage for "Damages" and "Claim Expenses" incurred as a result of a "Professional Claim" that arises out of an actual or alleged negligent act, error or omission in the rendering or failure to render "Professional Services," defined to include "Construction Management" and "quality control reviews." The damages are not excluded under the Berkley Policy and coverage is available under the insuring agreement.

18.    Berkley adjusters have been involved in the TSTC Claim since May of 2022. Berkley denied coverage on November 11, 2022, through a letter from its counsel, incorrectly contending that the claim did not involve "Professional Services" because the contract between TSTC and Lee Lewis did not require professional construction management services. Berkley also raised policy exclusions that do not bar coverage for the TSTC Claim.

## IV.
## CAUSES OF ACTION

### A.    Declaratory Judgment Against Liberty

19.    Lee Lewis incorporates by reference paragraphs 1. through 18., above, as if restated herein in their entirety.

20.    The Liberty Policies provide coverage for "those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage'" caused by an "occurrence," as those terms are defined in the Policy. Moreover, the insuring agreement of the Liberty Policies imposes upon Liberty a duty to indemnify Lee Lewis against damages that are covered by the Liberty Policies.

21.     The TSTC Claim asserted against Lee Lewis seeks damages because of "property damage" caused by an "occurrence" that took place during the effective dates of the Liberty Policies.

22.     Liberty has a duty to indemnify Lee Lewis in connection with the TSTC Claim for costs and damages associated with the repair of water damage caused by the sprinkler leak and all related and consequential damages because of "property damage." No exclusions or limitations to coverage apply to negate the duty to indemnify.

23.     By failing to provide coverage to reimburse Lee Lewis for the amounts paid in connection with the TSTC Claim, Liberty has caused Lee Lewis to bear the entire cost of the repairs without the benefit of its insurance despite coverage existing.

24.     An actual controversy exists concerning Lee Lewis' request for coverage under the Liberty Policies, and a present and practical need exists for the Court to resolve this dispute.

25.     A declaration by the Court of the rights and obligations of Lee Lewis and Liberty with respect to the duty to indemnify Lee Lewis in connection with the claim will materially advance the interests of the parties.

26.     Accordingly, pursuant to 28 U.S.C. § 2201, Lee Lewis requests that the Court enter a declaratory judgment against Liberty that Liberty has a duty to indemnify Lee Lewis in connection with all damage because of "property damage" associated with the TSTC Claim. Lee Lewis further requests all other relief this Court deems proper.

**B.     Breach of Contract Against Liberty**

27.     Lee Lewis incorporates by reference paragraphs 1. through 18., above, as if restated herein in their entirety.

28.    The Liberty Policies constitute valid and enforceable contracts between Lee Lewis, as the Named Insured, and Liberty, as the companies providing the insurance under the Liberty Policies.

29.    Under the Liberty Policies, Liberty promised to provide coverage for damages because of "property damage" for which Lee Lewis becomes liable and that is caused by an "occurrence."

30.    The TSTC Claim and TSTC's demand for costs and damages associated with the repair of water damage caused by the sprinkler leak and all related and consequential damages because of "property damage" implicated Liberty's duty to indemnify Lee Lewis because it is a claim for damages because of "property damage" to which the insurance applies.

31.    No exclusions or limitations in the Liberty Policies apply to bar coverage.

32.    Liberty's failure to indemnify Lee Lewis is a material breach of the parties' contract—*i.e.*, the Liberty Policies.

33.    As a direct and proximate result of Liberty's material breach of contract, Lee Lewis has suffered damages in an amount to be determined at trial, including all damage because of "property damage" associated with the TSTC Claim, and other costs, all of which Lee Lewis now seeks in addition to any other relief that this Court deems appropriate.

C.    **Declaratory Judgment Against Berkley**

34.    Lee Lewis incorporates by reference paragraphs 1. through 18., above, as if restated herein in their entirety.

35.    The Berkley Policy provides coverage for any "Professional Claim" and provides that Berkley will "pay on your behalf all **Damages** and **Claim Expenses** for that **Professional Claim** in excess of any applicable Self-Insured Retention provided that . . . the **Professional Claim**

arises out of an actual or alleged negligent act, error or omission in the rendering or failure to render **Professional Services** . . . ." "Professional Services" is defined to include "Construction Management, Program management, Project Management . . . ." as well as "quality control reviews."

36.     TSTC asserted a claim against Lee Lewis complaining of Lee Lewis' alleged failure to perform Construction Management and quality control services, specifically including inspection and quality control of the work of its electrical subcontractor. The damages occurred, and the claim was made, during the Berkley Policy period. The payments made by Lee Lewis in connection with the electrical claim, including all consequential damages, were made as a result of TSTC's allegation that Lee Lewis failed to supervise the electrical subcontractor's work and ensure quality control.

37.     Berkley has a duty to indemnify Lee Lewis in connection with all damages related to the TSTC Claim for which TSTC alleged that Lee Lewis failed to provide Construction Management and quality control services. No exclusions or limitations to coverage apply to negate the duty to indemnify.

38.     By failing to provide coverage to reimburse Lee Lewis for the amounts expended in connection with the alleged failure to supervise the electrical subcontractor and/or inspect its work, Berkley has caused Lee Lewis to bear all costs without the benefit of its insurance despite coverage existing.

39.     An actual controversy exists concerning Lee Lewis' request for coverage under the Berkley Policy, and a present and practical need exists for the Court to resolve this dispute.

40.     A declaration by the Court of the rights and obligations of Lee Lewis with respect to the duty to indemnify Lew Lewis in connection with the claim will materially advance the interest of the parties.

41.     Accordingly, pursuant to 28 U.S.C. § 2201, Lee Lewis requests that the Court enter a declaratory judgment against Berkley that Berkley has a duty to indemnify Lee Lewis in connection with all damages stemming from its alleged failure to supervise its electrical subcontractor. Lee Lewis further requests all other relief this Court deems proper.

**D.     Breach of Contract Against Berkley**

42.     Lee Lewis incorporates by reference paragraphs 1. through 18., above, as if restated herein in their entirety.

43.     The Berkley Policy constitutes a valid and enforceable contract between Lee Lewis, as the Named Insured, and Berkley, as the company providing the insurance under the Berkley Policy.

44.     Under the Berkley Policy, Berkley promised to provide coverage for Damages for Professional Claims that allegedly arose out of a negligent act, error or omission in the rendering of or failure to render Professional Services.

45.     TSTC's Claim against Lee Lewis related to supervision of its electrical subcontractor and sought Damages for a Professional Claim that allegedly arose out of Lee Lewis' failure to perform Construction Management and quality control service.

46.     No exclusions or limitations in the Berkley Policy apply to bar coverage.

47.     Berkley's failure to indemnify Lee Lewis is a material breach of the parties' contract—*i.e.*, the Berkley Policy.

48.     As a direct and proximate result of Berkley's material breach of contract, Lee Lewis has suffered damages in an amount to be determined at trial, including all damages stemming from its alleged failure to supervise its electrical subcontractor, and other related and consequential costs, all of which Lee Lewis now seeks in addition to any other relief that this Court deems appropriate.

**E.      Attorneys' Fees Under Chapter 38.001 of the Texas Civil Practice and Remedies Code**

49.     Lee Lewis incorporates by reference paragraphs 1. through 48., above, as if restated herein in their entirety.

50.     Lee Lewis engaged the undersigned counsel to prosecute this lawsuit, which includes claims for breach of contract against Liberty and Berkley and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

51.     Lee Lewis prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action against Defendants through trial and any appeal pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code.

**V.**
**<u>CONDITIONS PRECEDENT</u>**

52.     All conditions precedent to Lee Lewis' right to recover and to bring this action against Liberty and Berkley under the Liberty Policies and the Berkley Policy have occurred, have been fully performed, or have been waived by Defendants' material breach of their respective policies.

**<u>PRAYER</u>**

Lee Lewis hereby prays that, upon final hearing of this matter, this Court declare that Defendants are obligated to provide coverage to Lee Lewis in connection with the TSTC Claim, adjudge that, by failing to provide coverage, Defendants have breached their contracts with Lee

Lewis, adjudge that Lee Lewis recover all damages from and against Defendants that it may reasonably establish by a preponderance of the evidence, and award attorneys' fees, costs of court, pre- and post-judgment interest, and such other and further relief, at law or in equity, to which Lee Lewis may show itself to be justly entitled.

Respectfully submitted,

**SHIDLOFSKY LAW FIRM PLLC**

 */s/ Rebecca DiMasi*
Rebecca DiMasi
*Lead Attorney to be Noticed*
State Bar No. 24007115
rebecca@shidlofskylaw.com
Douglas P. Skelley
State Bar No. 24056335
doug@shidlofskylaw.com

7200 N. Mopac Expy., Ste. 430
Austin, Texas 78731
512-685-1400 (Phone)
866-232-8412 (Fax)

**GRIFFITH DAVISON, P.C.**

by: */s/ Scott Griffith*
Scott Griffith
State Bar No. 08482150
sgriffith@griffithdavison.com
Bradford T. Smith
State Bar No. 24070634
bsmith@griffithdavison.com

13737 Noel Road, Suite 850
Dallas, Texas 75240
T: 972-392-8900
F: 972-392-8901

**ATTORNEYS FOR PLAINTIFF LEE LEWIS CONSTRUCTION, INC.**